UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------

WAZEE DIGITAL, INC., a Delaware
corporation,

                Plaintiff,

      - Against -

DRAFTEXPRESS, LLC, a Florida limited
liability company, and
JONATHAN GIVONY, an individual,

             Defendants.

------------------------------------------------------

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff, Wazee Digital, Inc. ("**Wazee Digital**"), by and through its attorneys, Kutak Rock

LLP, and for its Complaint and Jury Demand against DraftExpress, LLC ("**DraftExpress**") and

Jonathan Givony ("**Givony**") (collectively, the "**Defendants**"), states and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1.     Wazee Digital is a Delaware corporation with its principal place of business in

Denver, Colorado.

2.     Upon information and belief, Jonathan Givony, an individual, is a citizen and

resident of Brooklyn, New York.

3.     DraftExpress is a Florida limited liability company with its principal place of

business at 468 Court Street, Apartment 1, Brooklyn, N.Y.

4.     This action is brought under the federal Copyright Act of 1976, 17 U.S.C. § 101 *et*

*seq*. (the "Copyright Act").

5.     The court has original subject matter jurisdiction in the instant case because this

civil action arises under the Copyright Act. *See* 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.

6.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and 1400(a) because, among other things, the Defendants reside, may be found, and have an established place of business in this District and a substantial part of the events giving rise to this action occurred in this District.

## GENERAL ALLEGATIONS

7.    Wazee Digital is a company that licenses video footage for various content owners and creators, including the National Collegiate Athletic Association ("**NCAA**"), The Big Ten Conference, Inc. ("**Big Ten**"), The Mountain West Conference ("**Mountain West**"), and Pac-12 Enterprises, LLC ("**Pac-12**") (collectively, and together with other various content owners and creators, the "**Content Partners**").   In addition, Wazee Digital registers its Content Partners' proprietary content for copyright protection and is responsible for enforcing and protecting its Content Partners' intellectual property rights, pursuant to contractual agreements.

8.    Wazee Digital is the successor in interest to Thought Equity Motion, Inc. and T3Media, Inc.[1]

9.    In August of 2010, Wazee Digital entered into an amended arrangement with the NCAA whereby, among other things, Wazee Digital agreed to license and enforce rights in certain footage belonging to the NCAA.   The arrangement is memorialized, among other places, in an agreement entitled Amended and Restated Digital Asset Management and Content Licensing Agreement for The NCAA ("Authorization").

10.    The Authorization provides Wazee Digital with the express right to enforce, among other things, any copyright belonging to the NCAA.

---

[1]    At various relevant times, the entity now known as Wazee Digital was known as Thought Equity Motion, Inc. or T3Media, Inc. For the sake of simplicity, this Complaint uses the term "Wazee Digital" to refer to any and all of these entities.

2

11.     Wazee Digital entered into similar exclusive licensing arrangements with its other Content Partners, the Big Ten (pursuant to a certain "Master Services Agreement," effective July 1, 2015), Mountain West (pursuant to a certain "Mountain West Distribution Agreement," effective May 2, 2012), and Pac-12 (pursuant to a certain "Pac-12 Distribution Agreement," effective August 1, 2015).

12.     In each of these agreements, Wazee Digital agreed to license video footage belonging to each respective Content Partner to third parties, and Wazee Digital and the Content Partner agreed to share the license fees.  Each Content Partner also granted Wazee Digital the right to enforce the Content Partners' intellectual property rights, including their copyrights.

13.     Wazee Digital and its Content Partners derive a substantial revenue stream from licensing game footage to various entities or media outlets, who create game highlights or other video montages and rebroadcast those videos on television and on the internet.

### The Copyrighted Works

14.     Wazee Digital has registered copyrights for works belonging to, and on behalf of, the Content Partners (the "**Registered Works**"), including, but not limited to:

a)      *2010 Big Ten Basketball Tournament – Wisconsin vs Illinois* (Registration No. PA0001721889);

b)      *2010 Big Ten Basketball Tournament – Purdue vs Northwestern* (Registration No. PA0001721888);

c)      *2014 NCAA Men's Division I Basketball – National Championship – Final Four – UCONN vs Kentucky – Game-Broadcast* (Registration No. PA0001913459);

d)      *2014 NCAA Men's Division I Basketball – Regional Finals – East Region – Michigan State v. UCONN – Game-Broadcast* (Registration No. PA0001912970).

15.     The Registered Works are a non-exhaustive sample of the Content Partners' works that the Defendants have infringed.

3

16.     The Registered Works were originally created by various broadcasters, such as ESPN, Inc. and CBS Broadcasting, Inc., among others.  The broadcasters assigned the copyrights to the various Content Partners, who in turn authorized Wazee Digital to register and enforce the copyrights on their behalf.

17.     In addition to the Registered Works, Wazee Digital has filed registration applications with the U.S. Copyright Office for other works belonging to the Content Partners that the Defendants also have infringed, including, but not limited to:

   a)    *2015 Division I Men's Basketball San Diego State vs Colorado State Game Broadcast* (registration pending; No. 1-4724907754);

   b)    *2016 Division I Men's Basketball CSUN AT UCLA Game Broadcast* (registration pending; No. 1-4724907574).

Those registration applications remain pending.

### DraftExpress Created and Published Videos Containing Copyrighted Video Clips, Including the Registered Works

18.     Givony formed DraftExpress as a Florida limited liability company in 2006. Givony filed Electronic Articles of Organization for Florida Limited Liability Company on October 18, 2006, listing himself as the sole managing member/manager.

19.     On information and belief, Givony currently is the sole managing member of DraftExpress.  As the owner of DraftExpress, Givony has a financial interest in the company.

20.     Defendants operate a sophisticated, comprehensive, frequently updated, for-profit website concerning basketball prospects of all levels.  The site contains "Mock Drafts," which predict in what order high-school and college basketball players will be selected by NBA teams, and "Rankings," which rate and compare players by age and college basketball conference.  The site also contains statistics, articles, and commentary about basketball prospects.

21.     Defendants permit users to register for the website for free and customize their

experience on the site by keeping track of favorite players or teams.

22.     In addition to its website, Defendants publish and distribute content through various social media platforms, including Facebook, Twitter, Google Plus, Instagram, and YouTube. Givony's Twitter account has approximately 96,000 followers, and DraftExpress' YouTube channel has approximately 98,000 subscribers.

23.     Defendants' website, DraftExpress.com, contains a significant amount of video content.  For example, Defendants edit and publish videos, usually several minutes in length, composed primarily of clips of broadcast game footage focusing on a particular player.  These videos are sometimes termed "Match Up Videos" or "Scouting Videos," which focus on how a player performed against a particular opponent or the strengths and weaknesses of an individual player's game.  These videos are essentially player highlight videos.

24.     Defendants generate revenue by, among other things, placing pre-roll advertisements before each video, and by placing the links to the videos on web pages with display, banner, or other video ads.  When users finish watching a video, the DraftExpress video player automatically plays another advertisement.

25.     Defendants use a significant amount of footage from Wazee Digital's Content Partners to create these videos, including, but not limited to, the Registered Works.  For example, some excerpts of the Registered Works are used without permission in the "Deandre Daniels 2014 Scouting Video," a 12 minute and 20 second video initially posted on DraftExpress.com on May 5, 2014.

26.     Defendants have posted on its website multiple video clips composed of footage, including, but not limited to, the Registered Works, that belongs exclusively to the Content Partners, including the NCAA, Big Ten, Mountain West, and Pac-12.

27.     Defendants have posted on YouTube multiple video clips composed of game footage including, but not limited to, the Registered Works, that belongs exclusively to the NCAA, Big Ten, Mountain West, and Pac-12, among others.

28.     Defendants have posted and shared on social media platforms multiple video clips and links to video clips composed of game footage, including, but not limited to, the Registered Works, that belongs exclusively to the NCAA, Big Ten, Mountain West, and Pac-12.

29.     Givony personally posts infringing videos and links to infringing videos on DraftExpress.com and on social media sites, such as Twitter and Instagram, with accounts bearing his name.  Some posts by Givony contain infringing videos that are viewable directly on Twitter and Instagram.

30.     As just one example, Givony posted a video on March 20, 2017, called "Josh Jackson vs Miles Bridges Matchup Video."  The video is 7 minutes and 20 second long, consisting almost exclusively of broadcast game footage from Wazee Digital's Content Partners.  This video is emblematic of dozens of similar Matchup Videos and hundreds of Scouting Videos posted in the past year alone.

31.     Givony, as the owner and founder of DraftExpress, has the ability or right to supervise or control the content of DraftExpress.com and affiliated social media accounts.

32.     Defendants have neither sought nor received from Wazee Digital permission to use *any* footage from the Content Partners, including without limitation, the Registered Works.

33.     Wazee Digital is the only entity authorized to grant licenses for the type of use Defendants have made of the footage that belongs to the Content Partners, including without limitation, the Registered Works.  The type of use Defendants have made of the footage is at the core of Wazee Digital's licensing business model for the Content Partners.  Indeed, Wazee Digital

6

has entered into license agreements with various content providers for the exact purpose of creating highlight videos, similar to Defendants' videos.

34.    For the type of use Defendants have made of the footage, Wazee Digital would ordinarily receive a licensing fee, a portion of which it would retain and the remainder it would share with each Content Partner.

35.    Defendants did not seek or obtain any license to use the Content Partners' footage, including, but not limited to, the Registered Works, in the videos created and distributed online. Defendants have not paid any fees or royalties for the use of the footage, including without limitation, the Registered Works.  Defendants' actions therefore have caused Wazee Digital and the Content Partners actual damages in the form of lost licensing fees.

36.    Each use of footage that belongs to Wazee Digital's Content Partners, including, but not limited to, the Registered Works, constitutes a separate act of infringement.

37.    On February 27, 2017, Wazee Digital, through its counsel, sent a letter to Givony demanding that DraftExpress remove the Content Partners' footage from its websites, channels, and accounts, including without limitation, the Registered Works.

38.    Although Defendants received and acknowledged the letter, Defendants refused to remove the Content Partners' footage, including without limitation the Registered Works.

39.    After receiving the letter, Defendants continued to post new infringing videos on DraftExpress.com and other platforms.

### FIRST CLAIM FOR RELIEF
**(Copyright Infringement, 17 U.S.C. § 501, *et seq.*)**

40.    Wazee Digital incorporates the foregoing allegations as if fully set forth herein.

41.    The Content Partners own the copyrights for the Registered Works.

42.    Wazee Digital has the express right to register copyrights for, and enforce the

intellectual property of, the Content Partners as their exclusive licensing agent, pursuant to its agreements with the Content Partners.

43. Wazee Digital, on behalf of the Content Partners, has registered copyrights with the U.S. Copyright Office, including the Registered Works, and filed complete applications for registration of the copyrights for other works.

44. Defendants have infringed the copyrights of the Content Partners by obtaining, copying, editing, creating a derivative work with, publishing, displaying, and/or broadcasting video clips of the Registered Works, among other copyrighted works, on the Internet and to third parties, without a license, for commercial gain.

45. Givony is personally liable for posting infringing videos on DraftExpress.com and social media accounts that bear his name.

46. Givony, as founder and owner of DraftExpress, also is personally liable for Defendants' infringement as a DraftExpress executive who (1) has the right and/or ability to supervise and/or control the video content on DraftExpress.com and affiliated social media accounts, and (2) has a direct financial interest in the unauthorized exploitation of the Content Partners' copyrighted works, including, but not limited to, the Registered Works.

47. Wazee Digital has notified Defendants that Defendants have infringed the copyrights of the Registered Works, but the Defendants have continued to infringe the copyrights.

48. Based on Defendants' years of experience in the digital media marketplace, Defendants knew that exploiting the video clips without permission and without a license was in violation of federal and state law.

49. Defendants knowingly and willfully committed acts of infringement.

50. As a result of Defendants' acts of infringement, Wazee Digital and the Content

Partners have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff, Wazee Digital, Inc., prays that judgment be entered in its favor and against Defendants, DraftExpress, LLC and Jonathan Givony, on each and every claim asserted herein, and that it be awarded the following relief:

a.      An order finding that Defendants have infringed the copyrights of the Content Partners, which Wazee Digital has the exclusive right to license;

b.      A preliminary and permanent injunction against Defendants' continued infringement of the copyrighted works of the Content Partners, as permitted under 17 U.S.C. § 502;

c.      An order requiring that all infringing materials, copies thereof, and other records related thereto, in the possession, custody, or control of Defendants be impounded and destroyed within 30 days of entry of judgment as permitted under 17 U.S.C. § 503;

d.      An award of statutory damages as provided in 17 U.S.C. § 504(c), or Wazee Digital's actual damages and the profits obtained by Defendants as provided in 17 U.S.C. § 504(b), in an amount to be calculated at trial;

e.      Costs and attorneys' fees as permitted under 17 U.S.C. § 505;

f.      Preliminary and permanent injunctive relief enjoining Defendants, and all persons in active concert or participation with Defendants, from using any works belonging to the Content Partners;

g.      Damages, including special and consequential damages, in an amount to be calculated at trial;

h.      Pre-judgment interest;

i.      Post-judgment interest;  and

j.      Any such further relief as this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

Respectfully submitted on this 3rd day of April, 2017.

KUTAK ROCK LLP

By:  s/ *Adam L. Hirsch*
_____
Adam L. Hirsch
(admitted in the Eastern District of New York)
1801 California St., Suite 3000
Denver, Colorado 80202
Tel: (303) 297-2400
adam.hirsch@kutakrock.com

*Attorneys for Plaintiff Wazee Digital, Inc.*

10